# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SUSAN DIANE THOMPSON CORBETT,

            Plaintiff,

-vs-                                          Case No. 6:11-cv-325-Orl-28GJK

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS UNTIMELY (Doc. No. 14)** |
| **FILED:** | **July 14, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND

On March 3, 2011, Plaintiff, Susan Diane Thompson Corbett, filed her Complaint seeking review of Defendant's, Commissioner of Social Security, denial of her application for social security disability insurance benefits and "supplemental security income benefits." Doc. No. 1 at 2. According to the allegations in the Complaint, Plaintiff is entitled to receive social security benefits because she has spinal and chest pain. Doc. No. 1 at 2. Plaintiff alleges that the hearing on her application for social security benefits was conducted on June 7, 2010. Doc. No.

1

1 at 3.  According to Plaintiff, her application for disability benefits was denied after the administrative law judge found that "plaintiff did not have an impairment or combination of impairments of the severity prescribed by the pertinent provisions of the social security act to establish a period of disability . . . ." Doc. No. 1 at 3.  Plaintiff subsequently requested a review of the administrative law judge's decision by the Appeals Council.  Doc. No. 1 at 3.  By letter dated December 22, 2010, the Appeals Council affirmed the administrative law judge.  Doc. No. 1 at 3.

On July 14, 2011, Defendant filed its renewed motion to dismiss the Complaint as untimely (hereafter "Motion").  Doc. No. 14.  In the Motion, Defendant agrees with the dates Plaintiff sets forth as the dates of her hearing and denial by the Appeals Council.  Doc. No. 14 at 2.[1]  Defendant asserts that the Appeals Council sent its letter denying review of the administrative law judge to Plaintiff and her attorney.  Doc. No. 14 at 5.  Citing 20 C.F.R. §§ 416.1401 and 422.210(c), Defendant asserts that it is presumed that Plaintiff and her attorney received the letter from the Appeals Council five days after it was mailed on December 22, 2010. Doc. No. 14 at 5.  Because 42 U.S.C. § 405(g) requires a complaint challenging the denial of social security benefits be filed within sixty (60) days after the Appeals Council denies review, Defendant asserts that Plaintiff had until February 25, 2011, to timely file her Complaint.  Doc. No. 14 at 4-5.

Noting that Plaintiff did not file her Complaint until March 3, 2011, Defendant asserts the Complaint must be dismissed unless Plaintiff demonstrates "extraordinary circumstances" why the sixty (60) day time period for filing this civil action, which is established by 42 U.S.C. § 405(g), should be equitably tolled.  Doc. No. 14 at 6.  Defendant points out that "Plaintiff

---

[1] Defendant references a declaration of Patrick J. Herbst in support of its Motion.  Doc. No. 14 at 2.  However, the declaration is not attached to the Motion.

2

provides no explanation as to why she did not file her complaint on time and, thus, provide no basis for equitably tolling the time for filing her complaint. Therefore, her complaint should be dismissed." Doc. No. 14 at 7.

## II. STANDARD OF REVIEW

42 U.S.C. § 405(g), entitled "Judicial review," permits a person to obtain review of any "final decision of the Commissioner of Social Security made after a hearing" by commencing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." A decision is final when the Appeals Council either grants review and issues a decision or denies review. *See* 20 C.F.R. § 404.900(a)(5); *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). 20 C.F.R. § 416.1401 provides that "[d]ate you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."

The sixty (60) day time period set forth in 42 U.S.C. § 405(g) is not jurisdictional; it is a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). As such, "the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court [is] untimely." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007); *Bowen*, 476 U.S. at 480 (recognizing that equitable tolling is consistent with congressional purpose and not eschewed by Congress). To warrant the application of equitable tolling, "traditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment." *Jackson*, 506 F.3d at 1355 (emphasis in original). A finding of extraordinary circumstances is "'reserved for extraordinary facts.'" *Id.* at 1353-54 (quoting *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1154-55 (11th Cir. 2005)).

3

## III. ANALYSIS

Plaintiff did not file a response in opposition to the Motion. In her Complaint, Plaintiff alleges that on December 22, 2010, the Appeals Council denied review of the administrative law judge's denial of her application for social security benefits. Doc. No. 1 at 3. Accepting this allegation as true, *see Jackson*, 506 F.3d at 1352, Plaintiff is presumed to have received notice of the Appeals Council's denial on December 27, 2010. *See* 20 C.F.R. § 416.1401. Plaintiff had sixty (60) days from December 27, 2010, to file her civil action challenging Defendant's decision to deny her social security benefits. *See* 42 U.S.C. § 405(g). Thus, for Plaintiff's Complaint to be timely filed, she needed to file it on or before February 25, 2011.

Plaintiff filed her Complaint on March 3, 2011. Doc. No. 1. It is untimely. *See* 42 U.S.C. § 405(g). To avoid dismissal, Plaintiff is required to demonstrate "extraordinary circumstances" that would warrant the application of equitable tolling. *See Jackson*, 506 F.3d at 1355. Plaintiff has presented no evidence to meet her burden. Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this report and recommendation shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **RECOMMENDED** in Orlando, Florida on October 13, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Court Judge
Counsel of record
Unrepresented parties by **Certified Mail**